IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL DAVID FLIPPO                                                                                  PLAINTIFF

vs.                                              Civil No. 6:09-cv-06116

MICHAEL J. ASTRUE                                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

     Michael David Flippo ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

     Plaintiff protectively filed his disability applications on September 4, 2007. (Tr. 11, 111-113, 119-122).  Plaintiff alleged he was disabled due to fibromyalgia, restless leg syndrome, chronic pain syndrome, arthritis of the back, tendonitis, severe anxiety disorder, short leg syndrome, and plantar fasciitis. (Tr. 138).  Plaintiff alleged an onset date of March 1, 2003. (Tr. 11, 111, 119).  These

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."  The transcript pages for this case are referenced by the designation "Tr."

1

applications were initially denied on November 16, 2007 and were denied again on reconsideration on February 28, 2008. (Tr. 63-65). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 25-29, 34-35). A hearing on this matter was held on April 14, 2009 in Hot Springs, Arkansas. (Tr. 43-61). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *Id.* Only Plaintiff testified at this hearing.[2] *Id.* On the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school. (Tr. 46).

On June 25, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-19). In this decision, the ALJ found Plaintiff met the disability insured status requirements of the Act through September 30, 2007. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, plantar fasciitis, and Achilles tendonitis. (Tr. 13-14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

---

[2] The Vocational Expert ("VE") was available at this hearing but did not testify. (Tr. 44-61).

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is able to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience and may involve several variables; judgment is within limits; and little supervision is required for routine tasks with detailed supervision required for non-routine tasks.

(Tr. 15, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff had PRW as a carpenter. *Id.* Based upon his RFC, the ALJ determined Plaintiff was unable to perform his PRW. *Id.* However, the ALJ also determined, considering his age, education, past work experience, and RFC, that there were other jobs existing in significant numbers in the national economy which he would be able to perform. (Tr. 18, Finding 10). By applying the Medical-Vocational Rule 202.21, the ALJ found, given Plaintiff's age, RFC, education, and work experience, he was not disabled. (Tr. 18, Findings 10-11).

On June 29, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-6). *See* 20 C.F.R. § 404.968. On October 6, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 7, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on February 3, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred by failing to fully evaluate his fibromyalgia; and (2) the ALJ erred by failing to present the V.E. with hypothetical questions that included his exertional and nonexertional limitations.  ECF No. 10.  Because this Court finds the ALJ erred by applying the Medical-Vocational Guidelines, this Court will only address the second issue Plaintiff raised.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases.  *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988).  The Grids cannot be applied where a person suffers from nonexertional impairments that significantly impact that person's ability to perform the full range of work (such as sedentary or light work).  *See Foreman v. Callahan,* 122 F.3d 24, 25 (8th Cir. 1997).  Instead, the testimony of a vocational expert must be used.  *See id.*  One such nonexertional impairment is pain. *See Barker v. Barnhart,* 457 F.3d 882, 894 (8th Cir. 2006).  Accordingly, in cases where a claimant suffers from pain that diminishes or significantly limits the claimant's ability to perform a full range

of sedentary, light, medium, or heavy work, the testimony of a VE must be used. *See id.* (citation omitted).

In the present action, Plaintiff has demonstrated that he suffers from recurring pain that significantly diminishes his ability to perform the full range of light work. Plaintiff stated the following regarding his pain:

> I'm unable to work or perform abilities of job. I cannot stand or sit for any length of time. I can't crawl, stoop, climb ladders, etc. I have pain in my feet, back, legs, hips, neck, I have arthritis in my right hand. I cannot drive due to the medication I take for my pain. I have severe depression because of all of this.

(Tr. 138). Plaintiff then presented numerous medical records supporting his claim that he suffers from severe pain and supporting his argument that his impairments cause nonexertional limitations that must be considered by a vocational expert.

For example, Plaintiff's most recent medical records support his claim that he suffers from nonexertional limitations due to his foot pain. On April 23, 2008, Plaintiff was examined by the UAMS Orthopaedic Surgery Clinic. The physician examining Plaintiff noted he had a four-year history of bilateral foot and ankle pain and found Plaintiff's "clinic picture is consistent with Achilles tendonitis and inflammation." (Tr. 403). Prior to that time, on February 14, 2008, Plaintiff also exhibited signs of chronic pain and Achilles tendonitis while being examined at the UAMS Internal Medicine Clinic. (Tr. 407). The physician also noted during that appointment that Plaintiff exhibited signs of pain in the Achilles tendon "on palpation and when it moves." *Id.* These records also indicate that Plaintiff's Achilles tendonitis was so severe that he had received injections in order to treat that pain. (Tr. 216, 406). Based upon these records, it appears Plaintiff's pain in his Achilles tendon was only temporarily alleviated by these injections. (Tr. 406). Indeed, Defendant offers no records which indicate this pain was alleviated by these injections or that Plaintiff's Achilles

tendonitis was controlled with medication. ECF No. 11.

However, despite Plaintiff's subjective complaints of disabling pain and the evidentiary support, the ALJ still found Plaintiff could perform a full range of light work with no nonexertional limitations due to his foot pain. (Tr. 15, Finding 5). The full range of light work includes the following:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967.

Such a finding that Plaintiff can perform the full-range of light work does not account for Plaintiff's nonexertional limitation of foot pain. These records required the ALJ to consider Plaintiff's nonexertional limitation of foot pain in determining whether he could perform other work existing in significant numbers in the national economy. Instead of mechanically applying the Grids, the ALJ was required to rely on testimony of the VE to meet his burden of establishing Plaintiff could perform other work existing in significant numbers in the national economy. *See Foreman v. Callahan,* 122 F.3d at 25. Thus, this case must be reversed and remanded.[3] Further, on remand, the ALJ should consider the medical records from Dr. Sudhir K. Pandit which are dated December

---

[3] It appears the ALJ also did not consider Plaintiff's chronic pain from his fibromyalgia in assessing whether Plaintiff could perform other work existing in significant numbers in the national economy. There is an issue as to whether Plaintiff suffered from fibromyalgia as his records indicate he apparently had "no positive trigger points" for this impairment. (Tr. 194-195). However, upon review, the ALJ should also further consider Plaintiff's pain possibly due to fibromyalgia. *See Forehand v. Barnhart,* 364 F.3d 984, 987 (8th Cir. 2004) (noting that "[w]e [the Eighth Circuit] have long recognized that fibromyalgia has the potential to be disabling").

28, 2007.  Based upon Plaintiff's representations, it appears these records were introduced at the administrative hearing in this matter but were not included in the record.  Upon review, the ALJ should also consider those records.

**4. Conclusion:**

  Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

  **ENTERED this 11th day of January, 2011.**

                /s/  Barry A. Bryant
                HON. BARRY A. BRYANT
                U. S. MAGISTRATE JUDGE